**Vidal Ocampo CARAIG, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 02–74351.**

United States Court of Appeals, Ninth Circuit.

Submitted April 15, 2004.*

Decided May 5, 2004.

Helen B. Zebel, Esq., Law Office of Helen B. Zebel, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., Allen W. Hausman, Attorney, Aviva L. Poczter, U.S. Department of Justice, Washington, DC, for Respondent.

Before: THOMPSON, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Vidal Ocampo Caraig petitions for review of the Board of Immigration Appeals'

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

streamlined decision affirming the Immigration Judge's denial of his applications for asylum and withholding of deportation. We deny the petition for review.

The Immigration Judge denied Caraig's applications for asylum and withholding of deportation, determining that Caraig was not credible. We review credibility determinations under the substantial evidence standard. *See Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002).

Here, substantial evidence supports the Immigration Judge's adverse credibility determination. At the hearing before the Immigration Judge, Caraig gave inconsistent testimony with respect to whether he had ever been denied a promotion or advancement as a result of performing his official duties. Caraig did not have a coherent explanation for the contradiction in his testimony. This inconsistency went to the heart of his asylum claim because in his asylum application, Caraig alleged that he was denied a promotion he deserved because his superiors were deferring to the wishes of the Mayor of Rosario (who was seeking to retaliate against Caraig for having arrested his son).

Caraig also argues that the BIA violated his due process rights by streamlining his case. This argument is foreclosed by *Carriche v. Ashcroft*, 350 F.3d 845 (9th Cir. 2003).

To the extent that Caraig contends the BIA's decision to streamline his case was erroneous as a matter of law under 8 C.F.R. § 3.1(a)(7)(ii), we decline to reach the issue. As explained in *Carriche*, "[W]here we can reach the merits of the decision by the IJ or the BIA, an additional review of the streamlining decision itself

would be superfluous." *Carriche*, 350 F.3d at 855.

**PETITION DENIED.**